## DECEMBER TERM, 1843.

### WILLIAM VANNERSON *v.* GARRETT CORD, *et al.*

A commissioner in chancery, to effect a sale by order of the Court, has no authority or power to substitute one purchaser for another, without the entire assent of the first purchaser.

Where a commissioner makes a sale of mortgaged premises, and the purchaser fails to comply with the precedent requirements of the decree, the commissioner has no authority to receive a bond from another person, of the amount of the purchaser's bid ; but the property remains in his hand, as if no sale had taken place.

A commissioner, having advertised the property for sale, upon a failure from any cause to sell on the appointed day, has power, unless his authority is restricted by the decree on its face, or limited to a single specified time, to advertise the property for sale again and again, until he effectuates the object of his appointment.

The powers of a commissioner to sell property, by decree of the Chancery Court, are precisely the same that a sheriff has, when a writ of *fieri facias* is placed in his hands.

THE facts will be found stated at sufficient length in the opinion of the Court.

*Bullock,* for complainant.

*Sanders* and *Price,* for defendants.

We cannot find one single ground for the interposition of this Court, set forth in the bill. If such exist, it is fully denied by the answers. The bill should be dismissed at the costs of the complainant.

CHANCELLOR. I have looked into the bill and answers, upon which alone the case is submitted for final hearing, and find the following state of facts to exist.

The complainant alleges, that he was indebted to the defendants, Cord and wife, and executed a mortgage to secure to them payment : that upon the mortgage becoming forfeited, Cord and wife exhibited their bill for foreclosure and sale, in the Adams Circuit Court, and obtained a decree accordingly : that by that decree, the defendant, Newman, was appointed a commissioner of that court, to sell the mortgaged premises : that in obedience to the decree he made a sale, at which the defendant Sharpe became the purchaser of

the mortgaged property at a specified price : that Sharpe failed to comply with the terms of the sale, in not giving the bond with approved security which was required by the decree.

The complainant, in this state of things, offered to give bond and surety to the commissioner in the amount of the purchase made by Sharpe, and claimed that a conveyance of the property should be made to him. The commissioner declined accepting the proffered bond, and refused to execute the required conveyance.

That refusal of the commissioner, and the allegation that he had advertised the mortgaged property for re-sale, constitute, if any, all the equity of the bill.

There is nothing in the first objection : the commissioner had no right to substitute one purchaser for another, without the entire assent of the first purchaser. The complainant had no right whatever to demand that the commissioner should receive the bond he offered ; nor had the commissioner any authority to receive it : he had sold the property in controversy to the defendant Sharpe, to whom, upon complying with the precedent requirements of the decree, it of course belonged ; upon his failure to comply, the property remained in the hands of the commissioner unsold, and stood as if no sale had taken place.

There is as little in the other objection taken to the course of the commissioner. It presents the question, whether, where a commissioner appointed by a court of chancery has advertised, and from any cause fails to sell, he can advertise for a resale. Whether, in other words, his power and authority are exhausted by his first attempt to sell.

I have previously, in another case, examined and decided this question. I then decided, that unless he was restricted by the decree on its face, or his authority was limited to a sale at a particular time expressly specified in the decree, upon a failure to sell from accident, or the non-compliance on the part of the purchaser at the first sale, he has full power to advertise and sell again.

He has the same powers precisely, that a sheriff has when a writ of *fieri facias* is placed in his hands ; whose power to resell, in case of failure in the first attempt, has never, that I am aware of, been doubted.

Vannerson *v.* Gord, et al.

As a general rule, decrees of foreclosure and sale do not, specifically, fix the *time* at which the sale shall take, place. The statute requires that the *place* shall be mentioned in the decree ; but the uniform practice, and the proper one has been, to leave the decree without limitation or prescription as to the particular time when the sale shall take place, permitting the parties interested to exercise a discretion in the matter, and only requiring that the length of time in which the advertisement shall continue, shall be clearly designated.

Until, therefore, a complete execution of the decree takes place, he may advertise again and again, whenever a failure occurs, until he eventually effectuates the object of his appointment.

The bill, in this case, would have been dismissed on demurrer.

Let a decree be drawn dismissing the bill at the costs of the complainant.