Upon this petition for a re-hearing,
Mr. Justice Clayton
delivered the following opinion.
We have given to this petition the best consideration in our power, and shall proceed to state our conclusion. It says, in the opening, it will state the question, which the petitioners solemnly believe ought to be reconsidered. “It is this: Whether the circuit court is wholly deprived of jurisdiction in any supposable case, to quash a forthcoming bond, at a term subsequent to that at which it is returned forfeited 1 Is such action of a circuit court, in every case, as to all purposes, absolutely void-1 We (the petitioners) hold the converse of these propositions, and believe it is demonstrable that there is no reason in law, justice, or expediency for the adoption of either.”
To this we must content ourselves with the answer, that in making the decision sought to be reviewed, we confined ourselves to the state of facts which existed in the case. To have done otherwise, would have been to travel out of the record, and to volunteer an opinion not called for by the circumstances. We deal with actual, not supposable cases; and we have often laid down the rule, that however general the expressions used in an opinion may be, they must be construed with reference to and in connection with the facts of the case.
The petition- not only remarks upon this particular decision, but it purports to pass in review all which have been made in this court upon that subject. Several, however, were overlooked by the learned counsel. Besides the cases which they cite, the point was decided in Merrett v. Vance, 6 How. 498; Fields v. Morse, 1 S. & M. 347; and Pender v. Felts, 2 S. & *573 M. 535. After so many adjudications on the subject, we thought, in the case under review, that we might regard the point as settled, so far as our decisions can settle anything. We are called upon, however, in the petition, in very strong terms, either to retrace our steps, or to give some reason for the decision. For our reasoning, Ave will refer to the case of Fields v. Morse, above cited, which the counsel have not adverted to; and will add one further remark. After the return term of the bond, if forfeited, it becomes a judgment, on which an execution may issue. Now we do not know of any means to quash a judgment upon motion Avithout notice, after the term at Avhich it Avas rendered, unless it were Avholly void. If void it may be done at any time. 2 Yerg. 242. Buckingham v. Bailey, decided at this term of this court.*
The case of Williams v. Crutcher, 4 How. 71, is pressed upon us as an authority, to show our error in this case. To our minds, the tAVO cases are very distinct. There a petition Avas filed, alleging that the bond was signed in blank, and praying for permission to plead non estfactum to the bond. The opposite party was brought into court; the plea was filed, and demurred to; and upon the demurrer judgment was rendered in favor of the plea. This is very dilferent from a proceeding ex parte and without notice. One strong reason Avhy a judgment on the bond cannot be quashed after the return term is, that the parties are not then in court. The final judgment is rendered, and cannot again bé drarvn into contestation, unless the parties are again brought into court in some recognized mode. A proceeding to get rid of the execution, upon grounds not alfecting the judgment, stands upon a dilferent principle. The power of the court over its process remains until the finis and ejfectus, the end and fruit, are attained.
The case of Kernaghan v. Scanland, 6 How. 540, is next adverted to in the petition. The report of the case is very brief, and is defective in not showing whether or not there was an original judgment in the cause, as the want of such judgment *574 was assigned as canse for quashing the bond and execution. We have examined the original record, and find that there was a judgment rendered, after plea filed and withdrawn by the defendant, as stated at this term, in the case of Buckingham v. Bailey. This fact reconciles that case with the other decisions.
The case of Conn v. Pender, 1 S. & M. 386, is next made to pass through the ordeal. After some remarks upon it, the learned counsel ask, “if in this case it was competent for this court, though the court of the highest power, to pass upon the judgment of 1840, when it was the judgment of April, 1841, which was brought up for revision.” This difficulty is of easy solution. The judgment of June, 1840, quashing the judgment on the forthcoming bond, at a term subsequent to the return term of the bond, was decided to be void. But the court below only quashed it as to one of the parties. An execution was after-wards issued upon the judgment on the bond, against the other party, as to whom it had not been quashed. A motion was made to quash the bond and this last execution, which was overruled, and the case brought to this court. We decided that the last execution ought to have been quashed, because the judgment of June, 1840, was void; it did not affect the judgment upon the bond; and, consequently, an execution against one of the parties only was erroneous. We quashed the execution, but did not touch the bond, and in another branch of the same case it was subsequently holden, that the party was at liberty to pursue his judgment upon the bond. Pender v. Fells, 2 S. & M. 540. The counsel then proceed to say, “that the principle that a judgment quashing a forthcoming bond at a term subsequent to the return term is void, is here for the first time introduced; introduced incidentally, and, as we trust, not upon full deliberation.” If they had consulted page 347, of the same book, they would have seen that this was not the first case in which the principle was introduced. The point was in that case expressly made in the argument, and was decided upon the best consideration we could give it. The case of Conn v. Pender was decided about the same time, and it was thought unnecessary to repeat the reasoning, or again to go over the au *575 thorities. This case is referred to in the opinion under review, yet not the slightest notice is-taken of it in the petition for a re-argument. We had also decided aboiit the same time, in another case, that a judgment without notice was void. Gwin v. McCarroll, 1 S. & M. 363. If a judgment rendered without notice is void, it is difficult to conclude that a judgment quashing another judgment without notice is not equally so. This subject of the effect of want of notice upon judicial proceedings, just at that time engrossed much of our attention, and the principle was adopted upon mature and full consideration. Neither was its introduction into that case incidental; it lay directly in the way of a correct decision, and we therefore ap-* plied it.
If there is any conflict in our various decisions on this subject, we are unable even now to perceive it. They stand, as it seems to us, on sure foundations. We have no pride of opinion which would induce us to adhere to a decision, when convinced of its error. “The mind, conscious of rectitude,” has, to us, a much higher charm than consistency of adjudications.
In conclusion the counsel say, “ Most of the views now presented were offered by way of brief, in the case sought to be now reconsidered; but we feel regret that it seems not to have been noticed.” The learned counsel are mistaken, if they believe the brief was not read before the case was decided. Our sense of duty leads us, in every case, to read the briefs which are submitted with the record. It is the remark of a celebrated political writer, “ that an ingenious lawyer may find plausible, perhaps unanswerable, arguments on any side of any question.” To some extent this is true. It is the province of the judge, in our estimate of duty, to weigh these arguments in his mind, and to decide according to the best lights of his understanding; but it cannot be expected that he should meet in detail every argument that is urged upon him. To do so, would be wholly impracticable.
We have very recently reviewed the doctrine now under discussion, in the case of Buckingham v. Bailey, to which reference is here made. If we have fallen into any error, we have *576 not been able to discover it upon the best examination we could give it. If we entertained doubts, it would be our duty to grant a rehearing; but in the absence of any such, it would be injustice, both to these parties, and to the other suitors in the court to do so.
The application is therefore overruled.

 See this ease (Buckingham v. Bailey,) ante, page 538.