Mr. Chief Justice ShaRKey
delivered the opinion of the court.
On a judgment against Griffin & Cooper, rendered May, 1838, they gave a forthcoming bond, with McCluer as surety, which was forfeited to November term, 1839.
An execution was issued on this bond, returnable to May term, 1840, which was levied, and Griffin presented a petition to a circuit judge, and obtained a writ of error coram nobis, and supersedeas, returnable to that term of the court. The writ of error coram nobis, so called, though it is not a writ of that description, recites and reaches only the original judgment, and not the statutory judgment on the bond, and the Ayrit of superse- *371 deas does the same, though both were probably intended to apply to the bond. No errors were assigned, or issue of fact made up; but at the return term, (May, 1840,) a motion was made to quash the bond and execution, which was sustained; and this judgment presents the groundwork of the motion made at November term, 1844, to quash the pluries fi. fa., to reverse the judgment on which this writ of error was sued put. The writ of error seems to have been abandoned, and the remedy by motion resorted to. But it is said, the judgment quashing the bond, was in reality the judgment on the writ of error coram nobis. We cannot so regard it, without giving it an application which the record does not warrant. It does not profess to be a judgment on the writ of error; it is not an appropriate judgment in such cases, and it extends to matter not embraced by the writ of error, to wit, the forfeited bond. A writ of error coram nobis is intended to correct a mistake in fact, not error of law. Errors must be assigned on it, and, if the fact be disputed, an issue is made up to be tried by a jury. If it be found for the plaintiff in error, the judgment is, that the former judgment be recalled and revoked. There was no fact assigned, no issue, and no judgment that the former judgment be recalled, but merely a judgment that the bond and execution, which were not embraced in the writ of error, be quashed. The original judgment, which was the subject of the writ of error, remains in full force. To hold that the judgment on the motion was a disposition of the writ of error, would be to step aside from the record, and involve the court below in the dilemma of having given a wrong judgment in a case not before it. We do not see how a writ of error coram nobis could be made to reach the judgment on the bond, even if it had professed to do so; but it did not, and we are therefore not authorized to assume that this judgment was intended to be a decisión on the writ of error. If the writ of error was not abandoned, why was the motion made to quash at May term, 1840, and why was that motion repeated in 1844, predicated on the reason that the pluries fi. fa. had issued after the bond was quashed 1
If we are correct in' this view of the subject, it only remains *372 to inquire into the propriety of the judgment quashing the plu-ries fi. fa. at November term, 1844. The plaintiff, it seems, had disregarded the judgment quashing the bond, and had, notwithstanding, issued his phiries fi. fa. on it. This was quashed because the bond had been quashed in 1840. If it had been so quashed, the reason was a sufficient one. But a judgment quashing a forthcoming bond after the return term, has heretofore been regarded as a nullity, and presents no impediment to the issuance of an execution on it. Field v. Morse, 1 S. & M. 347; Conn v. Pender, Id. 386; Pender v. Felts, 2 S. & M. 535. On these authorities, the plaintiff was entitled to his execution. The bond was forfeited, November term, 1838, and quashed at May term, 1840.
This case, in most of its features, is like that of Parkinson & Sevier v. Waldron, Thomas & Co., 7 S. & M. 189. A writ of error coram nobis was then obtained, and the bond was quashed on motion. But as it was long after the return term of the court, it was held that the motion was made too late. It was intimated, that if the motion was to be considered merely as a mode of bringing up the merits of the writ of error coram jiobis, the court might, perhaps, have set aside the bond as a nullity, if it were absolutely void. This was not deciding, that the judgment on the motion was a correct mode of bringing up the merits of the writ of error, or that a defective bond could be reached by such writ of error.
This is also similar to the case of Miller et al. v. Patton, 3 S. & M. 463, in which a writ of error coram nobis was sued out, but the court refused to quash the bond at a subsequent term, and its judgment was sustained.
If we assume in this case, that the motion was a mere mode of disposing of the writ of error, it will not alter the result; as it was resolved into a mere motion, it must be regarded as such, and treated accordingly.
Judgment reversed.