Mr. Chief Justice Sharkey
delivered the opinion of the court.
This case comes up from a judgment of the circuit court, *463 refusing to enter satisfaction on an execution against the. plaintiff in error and others.
It seems that the defendant in error recovered a judgment against Gilbert Coates, John E. Richardson, and John S. Gooch, who composed a mercantile firm under the name of Coates, Richardson & Co. and against J. R. Harris and T. J. Coffee, all joint makers of a promissory note.
Sundry executions and also a forthcoming bond are appended to the record, but for the defendants it is insisted that they cannot be noticed, as they were not made part of the record by the bill of exceptions. This is true, and we must decide the case as it is presented by the record proper.
On the 6th of June, 1842, the plaintiff in execution moved to quash a forthcoming bond taken in the case. The motion shows that the bond was dated 9th of August, 1S39, and returned forfeited on the 19th of that month. It recites the judgment, the levy on five slaves on the 29th of April, 1839, and the giving of the bond by J. S. Gooch, Thomas J. Green, and H. McNeill; and as a reason for moving to quash it, that it was not taken by authority of law, and varies from the judgment and execution. This motion was sustained.
At the same term, (June, 1842,) Coffee moved to have satisfaction entered, which motion was taken under advisement, and overruled in vacation. At December term, 1842, Coffee took his bill of exceptions to the decision of the court in overruling the motion. As the decision was made in vacation, the exception could not have been taken sooner.
In support of his motion, Coffee introduced as evidence his petition, accompanied by the affidavit of John S. Gooch. The petition seems to have been read without objection. It shows that execution issued against all the parties; that it was levied on the slaves of Richardson; that Gooch gave a forthcoming bond with Green and McNeill as sureties, and that thereupon the negroes were re-delivered without the knowledge or consent of Coffee; that the bond was forfeited; that at that term (June, 1842,) the bond was quashed on motion, after a previous execution had issued on it, and that in truth the judgment had been *464 paid, off in the manner stated in Gooch’s affidavit. The affidavit states the levy, and the giving of the forthcoming bond as above stated; that another execution issued, which was levied on land of Green, and two negroes of Gooch; that Richardson gave the plaintiff’s claims to the amount of $4340 and a mortgage as collateral security, and obtained a stay without the consent of Coffee.
On this state of facts, did the court err in refusing to enter satisfaction 1 Assuming that the plaintiff in error was in court, which is a point not controverted, we think it did. Although we cannot inquire into the correctness of the judgment quashing the bond, yet we may determine whether it was void or not, and in a similar case we have held such a judgment absolutely void. The case of Field v. Morse & Harrod, 1 S. & M. 347, is directly in point. A bond was given by one defendant, but after the return term it was quashed, and execution sued out on the original judgment. We held that, as the return term of the bond was permitted to elapse, the judgment afterwards quashing it was void, and that being so, the bond still had the force of a judgment, and the defendant who did not join in it was discharged. See also Fellows v. Griffin, 9 S. & M. 362. When a bond has been given, the plaintiff cannot proceed on the original judgment. If the bond is quashed he can do so, but if the judgment quashing the bond is void, then the case stands as though it had not been rendered.
The giving of a bond by one defendant, discharges the others, if the bond was good; but it is said to have been void. Of this we cannot judge, as it is not before us. It seems it was given by one defendant for the re-delivery of property belonging to another of the defendants. This may have made it somewhat out of the usual course of things; it may have even been irregular, but the plaintiff had a right to accept it, which he virtually did by failing to have it quashed at the proper time. We see no reason which will authorize us to say that it was not binding on the signers; if so, it was a discharge of the other defendants. Field v. Morse & Harrod, 1 S. & M. 347; 5 How. 580; 6 Ib. 513. As to Coffee, then, the satisfaction should have been entered.
*465 It is said that all the defendants are not joined in this writ of error. It brings up only the judgment on the motion, which was made by Coffee alone. He is therefore the only party against whom judgment was rendered.
Judgment reversed, and cause remanded.